J-A12017-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| C. R. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| S. L. P. | : | |
| | : | |
| Appellant | : | No. 1272 WDA 2016 |

Appeal from the Order Dated July 25, 2016
In the Court of Common Pleas of Greene County
Civil Division at No(s):  FA 43 of 2016

BEFORE:   OLSON, J., SOLANO, J., and RANSOM, J.

MEMORANDUM BY RANSOM, J.:                    **FILED JULY 11, 2017**

Appellant, S.L.P., appeals from a final protection from abuse order (PFA), pursuant to 23 Pa.C.S. § 6102(a), entered against her in the Court of Common Pleas of Greene County.  We affirm.

The trial court summarized the facts as follows:

The parties [c]ustody [o]rder stated that the parties exchange custody on Friday, father to pick child up at her daycare center. On July 8, 2016, the child was not at daycare and [Appellee] (the father) went to [Appellant's] (the mother's) home to pick up their child.

In the Petition for the PFA, [Appellee] stated the most recent incident of abuse as follows:

. . . I held the door open and called 911 and she kept hitting me.  I bent over for a second and she punched me in my nose.  My nose started bleeding and she tried to grab my arm and she bit me twice.  The police arrived and she was arrested.  I filed an emergency PFA this weekend.

Also, in the Petition for the PFA, [Appellee] stated that a prior incident occurred approximately eight (8) months ago. Specifically:

About 8 months ago during one of our exchanges at Tractor Supply, we began arguing. Appellant tried punching me and was cussing me out during the exchange. From that point on our exchanges were to be made at the daycare. We had not had any problems since we have not had to make contact for the exchanges until now.

Trial Court Opinion,10/19/16, at 3-4 (unpaginated) (internal punctuation and formatting modified).

On July 11, 2016, the trial court entered a temporary PFA Order in favor of Appellee and granted Appellee custody of the parties' minor child. A hearing on the final PFA was held on July 25, 2016. At the conclusion of the hearing, the court issued a permanent PFA in favor of Appellee. *See* Final Protection From Abuse Order, 7/25/16. Appellant timely filed a notice of appeal and court-ordered Pa.R.A.P. 1925(b) statement. The court issued a responsive opinion.

On appeal, Appellant presents the following issues for our review:

1. The evidence is insufficient to support the trial court's order granting the Petition for an Order of Protection from Abuse.

2. The trial court relied on evidence outside the record in granting the Petition for an Order of Protection from Abuse.

3. The trial court relied on inadmissible evidence in granting the Petition for an Order of Protection from Abuse.

4. Mother, the defendant below and appellant herein, was denied her due process right when the trial court denied her request for a continuance as to the allegations of abuse of the father and entered a final order of protection against the

mother absent a complete evidentiary record on the merits of the alleged abuse as to father, knowing that criminal charges were pending; that mother had requested a continuance; that mother asserted her Fifth Amendment right and that continuing the matter as it pertained to the alleged abuse of the father when criminal proceedings were pending would not prejudice the rights of either party.

Appellant's Brief at 3-4.

Appellant's first claim challenges the sufficiency of the evidence.

When a claim is presented on appeal that the evidence is not sufficient to support an order of protection from abuse, we review the evidence in the light most favorable to the petitioner and granting [him] the benefit of all reasonable inference[s], determine whether the evidence was sufficient to sustain the trial court's conclusion by a preponderance of the evidence. This Court defers to the credibility determinations of the trial court as to witnesses who appeared before it. Furthermore, the preponderance of the evidence is defined as the greater weight of the evidence, *i.e.*, to tip a scale slightly is the criteria or requirement for preponderance of the evidence.

***Thompson v. Thompson***, 963 A.2d 474, 477 (Pa. Super. 2008) (quotations and citations omitted).

The PFA Act defines abuse as one or more of the following:

(1) Attempting to cause or intentionally, knowingly or recklessly causing bodily injury, serious bodily injury, rape, involuntary deviate sexual intercourse, sexual assault, statutory sexual assault, aggravated indecent assault, indecent assault or incest with or without a deadly weapon.

(2) Placing another in reasonable fear of imminent serious bodily injury.

*         *         *

23 Pa.C.S.A. §6102(a).

- 3 -

Appellant argues that the trial court erred in relying on Appellee's testimony. Appellant's brief at 11. Appellant's underlying assertion is that Appellee was the aggressor and she was merely defending herself. *Id*. at 15. This Court must defer to the trial court's determinations regarding the credibility of witnesses. *Thompson*, 963 A.2d at 477.

> [W]e must defer to the credibility determinations of the trial court. Finally, we note that a PFA petitioner is not required to file a police report, nor is it necessary for [him] to introduce medical evidence of an injury. The petitioner's testimony is sufficient if it is believed by the trial court.

*Custer v. Cochran*, 933 A.2d 1050, 1058 (Pa. Super. 2007).

Viewed in the light most favorable to Appellee, the verdict winner, we agree with the trial court's determination that the evidence was sufficient to warrant a PFA order against Appellant. Appellee testified that Appellant repeatedly punched him in the face and bit his arm. Notes of Testimony, 7/25/16 at 18. We will not disturb the trial courts determinations regarding the credibility of Appellee. Thus, we find that the trial court did not abuse its discretion in finding that the evidence warranted the issuance of the final PFA order pursuant to Section 6102(a).

Appellant's second and third issues both contest the evidence relied on for the trial court's decision.[1] "Questions concerning the admission or

---

[1] To the extent Appellant asserts the PFA judge should have recused, we deem the claim waived. Recusal must be directed to trial court in the first instance. *Reilly by Reilly v. Se. Pa. Transp. Auth.*, 479 A.2d 973, 989

*(Footnote Continued Next Page)*

exclusion of evidence are within the sound discretion of the trial court and may be reversed on appeal only when a clear abuse of discretion was present." *Raker v. Raker*, 847 A.2d 720, 726 (Pa. Super. 2004) (quoting *Soda v. Bard*, 600 A.2d 1274 (Pa. Super. 1991)).

Appellant asserts that the trial court based its decision on pictures not admitted into evidence and that the court knew Appellant's family and was thus biased against her. However, the trial court stated that its decision was based solely on the available exhibits and witness testimony. Trial Court Opinion at 7 (unpaginated). In support of its decision, the court also noted it found Appellee credible and "believed that [Appellant] 'punched and bit' [Appellee] and that the protection order was warranted." *Id.* at 5 (unpaginated). Furthermore, although the trial court acknowledged that he was familiar with Appellant's family, at no time did counsel request that trial court recuse itself. Appellants blanket allegation of prejudice, without more, is insufficient.

Appellant also contends that the trial court relied on irrelevant testimony regarding custody of the parties' child. The temporary PFA denied Appellant custody, however at the conclusion of the hearing, the final PFA as to child was denied, and the court reinstated Appellant's custody. As such,

---

*(Footnote Continued)*

(Pa. Super. 1984). Here, Appellant did not file a motion to recuse. Accordingly, the claim is waived. *Id.*

testimony regarding the parties' prior custody arrangement was relevant.

Thus, we discern no abuse of discretion.

Finally, Appellant asserts that the trial court violated Appellant's due

process rights in denying her request for a continuance.

> Pursuant to §6107(c), trial courts have discretion to continue evidentiary hearings regarding final PFA orders and enter appropriate temporary ex parte orders to cover the intervening time. **See** 23 Pa.C.S. §6107(c) ("If a hearing under subsection (a) [relating to evidentiary hearing on final PFA order] is continued and no temporary order is issued, the court may make ex parte temporary orders under subsection (b) as it deems necessary.")

**Ferko-Fox v. Fox**, 68 A.3d 917, 926 (Pa. Super. 2013). Thus, we review

the denial of a request for a continuance for an abuse of discretion. **Id.**

Appellant requested a continuance due to a pending criminal matter

stemming from the same July 8, 2016, incident. The trial court proffered

the following reasons for denying Appellant's motion for a continuance.

> The [Appellant] alleges that the court denied her request for a continuance absent a complete evidentiary record on the merits of the alleged abuse as to father, knowing that criminal charges were pending; that Appellant asserted her Fifth Amendment right and that continuing the matter would not prejudice the rights of either party. We disagree.
>
> The temporary PFA Order awarded the Appellee temporary custody of the minor child, [B.N.R.], with no visitation rights to the Appellant. A continuance would have denied the Appellant custodial rights. Furthermore, [Appellee] objected to a continuance. Appellant would have been significantly prejudiced by a continuance.
>
> The final PFA order granted shared custody of the minor child and granted protection from future abuse against the [Appellee].

Trial Court Opinion at 8 (unpaginated).

After reviewing the record it appears that Appellant's counsel failed to request a continuance. It may be implied based on the notes; however, he never requested a continuance nor did he object when the proceedings continued. Because Appellant failed to request a continuance of the hearing, she has waived this issue on appeal. *See Jahanshahi v. Centura Dev. Co.*, 816 A.2d 1179, 1189 (Pa. Super. 2003) ("Claims which have not been raised in the trial court may not be raised for the first time on appeal."); *see also* Pa.R.A.P. 302(a). As Appellant failed to properly raise this claim, we decline to review it.

Order affirmed.

Judge Solano joins.

Judge Olson concurs in result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/11/2017